# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT DAVID ZAWATSKY,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:13-cv-1976-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits.  For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that he became unable to work on February 4, 2011 (R. 24). The agency denied Plaintiff's application initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ").  The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 24-31).  The Appeals Council declined to grant review (R. 1-4), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in federal court, and the case has been referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation.  The matter has been briefed and is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims disability due to a heart attack and residuals from same, as well as uncontrolled diabetes, back pain, sleep apnea, and depression (R. 28).

*Summary of Evidence Before the ALJ*

Plaintiff was 43 years old on the alleged disability onset date (R. 30), with a limited education[1] and prior relevant work experience in construction (R. 30, 120).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion. In the interest of privacy and brevity, it will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes the testimony of both Plaintiff and a Vocational Expert ("the VE"); and written forms and reports completed by Plaintiff and his spouse. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: coronary artery disease, history of cardiomyopathy, and mood disorder due to a general medical condition (20 CFR 404.1520(c) (R. 26); and the record supports this uncontested finding. The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 26). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) with limitations. The claimant is limited to occasional climbing of ramps and stairs and occasional postural motions. However, he must avoid balancing and climbing ladders, ropes, and scaffolds. He should not have concentrated exposure to moving machinery or work at unprotected heights. He is also limited to completing simple, routine, repetitive work tasks. He can relate adequately to supervisors, coworkers, and the general public. Changes in the workplace should be infrequent and gradually introduced.

(R. 28).

---

[1] Plaintiff's application asserts that he completed 12th grade (R. 128), but he testified that he only completed eighth grade (R. 50).

The ALJ determined that Plaintiff could not return to his past relevant work (R. 30), but, relying on the testimony of the Vocational Expert, found that there are jobs that exist in significant numbers in the national economy that the claimant can perform (R. 30-31), and therefore, the ALJ found Plaintiff was not disabled (R. 31).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two issues for review, contending that: 1) the ALJ failed to properly consider and weigh the opinions of his treating providers; and 2) the ALJ's credibility determination is not

adequately supported. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff contends that the ALJ improperly evaluated opinions from Plaintiff's treating providers. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Not all medical providers are viewed equally, however. The regulations provide that evidence from "acceptable medical sources" is needed to establish the existence of an impairment. *See* 20 C.F.R. § 404.1513(a). Nurse practitioners and physician's assistants are not considered to be "acceptable medical sources" but are considered to be "other sources." 20 C.F.R. §§ 404.1513(a), (d)(1). Under the regulations, evidence from nurses, physician's assistants, and other non-acceptable medical sources cannot establish the existence of a medically determinable impairment, but an ALJ can use evidence from these other sources to show the severity of a claimant's impairments and how the claimant's impairments affects the claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(a), (d)(1); *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004); *see also Lawton v. Commissioner of Social Sec.*, 431 Fed.Appx. 830, 833 (11th Cir. 2011) ("In order for a statement to be characterized as a "medical opinion," it must be from an acceptable source and address acceptable subject matter. 20 C.F.R. § 404.1527(a)(2).")

Here, the ALJ summarized the medical evidence and opinions as follows:

[T]he claimant's treatment records reveal that despite his history of coronary artery disease and cardiomyopathy, his cardiac issues and related symptoms are not as

intense and persistent as he initially alleged. In fact, on May 18, 2012, his cardiology team reviewed his echocardiogram and described his overall condition and cardiomyopathy as "stable" despite the previous placement of a pacemaker in the claimant's left chest cavity in early March of that year. Furthermore, throughout the remainder of 2012, the claimant has consistently denied experiencing symptoms of blurred vision, frequent urination, coughing, dizziness, shortness of breath, and chest pains as recent as August 13, 2012 even though he initially reported complications in these areas. Likewise, his hypertension, diabetes, and sleep apnea are now stable with medication, diet, and the claimant's use of a CPAP machine (Exhibits 3E-5E; 10E-12E; 18F at pages 4, 6-7, 13; 20F at pages 23-45).

As such, I give little weight to the opinion of Erin Cottengim, PA-C who opined on September 9, 2012 that the claimant should not return to work and cannot perform even a sedentary job due to the purported severity of his coronary artery disease. Specifically, Ms. Cottengim opined that the claimant cannot sit for more than 20 minutes at a time, cannot stand for more than 5 minutes, requires a break every 15 minutes to change positions, and must elevate his legs 100% of the time. Ms. Cottengim also stated that the claimant must avoid climbing stairs and avoid exposure to extreme weather conditions, humidity, respiratory irritants, and dangerous work hazards, noting that the claimant will likely miss 4 days each month (Exhibit 21F). Ms. Cottengim is not an acceptable medical source; however, the opinion cannot be disregarded and must be weighed to determined its persuasiveness. The opinion is inconsistent with the objective medical records that demonstrate the claimant's overall physical condition has stabilized (Exhibits l 8F, 20F). Moreover, Ms. Cottengim's additional opinion that the claimant cannot return to work involves an issue reserved to the Social Security Commissioner and thus garners no weight (20 C.F.R. §§ 404.1527(e)(l) and SSR 96-2p).

Additionally, I give only limited weight to the collective opinions of Cindi T. Hayes, ARNP-BC and Harris B. Karunarante, M.D. who opined on May 25, 2011 that the claimant is not clinically stable to return to work and requires a break every 30 minutes to rest due to fatigue and chest pain (Exhibits 4F, 7F-8F). As noted above, these opinions are not consistent with the claimant's subsequent 2012 treatment records in which he denied symptoms of fatigue and chest pains, and they are inconsistent with his subsequent echocardiograms that revealed the claimant's systolic function has improved over time (Exhibits l0F; 18F at page 7; 20F at page 35-45; 23F at pages 85-86, 89-90). Moreover, Ms. Hayes is not considered an acceptable medical source under the Regulations, and Dr. Karunarante's opinion still accords little weight as it is accepts the claimant's subjective complaints that are not fully supported by the medical evidence.

(R. 28-29).

Plaintiff contends that the ALJ failed to address certain medical opinions, and failed to give good cause for rejection of the opinions of treating providers Erin Cottengim, ARNP, Cindi Hayes, ARNP and Dr. Karunarante. The Court treats each objection, in turn.

The first opinion cited by Plaintiff is a form dated February 7, 2011, in which Dr. Rajan Kapoor noted Plaintiff's emergency admission and diagnosis of cardiomyopathy/CAD, and checked a box which noted that the claimant "will not be able to work for 12 months or more (the patient is disabled)" (R. 633). Although Plaintiff correctly notes that the ALJ did not discuss or weigh this particular opinion, the Court finds no reversible error. The ALJ acknowledged Plaintiff's history and medical diagnosis of cardiomyopathy/CAD, and found it to be a severe impairment at step two. To the extent the check box is an opinion, "[a] doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion." *Lawton,* 431 Fed. Appx. at 834 (citing 20 C.F.R. § 404.1527(e)); *see also Miles v. Commissioner of Social Sec.*, 469 Fed. Appx. 743 (11th Cir. 2012). Here, the ALJ specifically considered and rejected a similar opinion that Plaintiff could not return to work, noting that an "opinion that the claimant cannot return to work involves an issue reserved to the Social Security Commissioner and thus garners no weight." (R. 29). Thus, any error is harmless.

Plaintiff next contends that the ALJ did not address the May 10, 2011 opinion of Donna Winsor-Dorough ARNP (R. 241-243), and did not properly evaluate the May 25, 2011 opinion of Cindi Hayes, ARNP (R. 274-275), and the May 11, 2012 opinion of Erin Cottengim, ARNP (R. 474-479).

The referenced opinion from Nurse Practitioner Winsor-Dorough is contained in the transcript at Exhibit 4F (R. 241-43). While the ALJ did not mention Ms. Windsor-Dorough by name, the ALJ specifically noted this Exhibit in his decision (R. 29) and the stated rationale indicates that he considered the "collective opinions" of Exhibit 4F, 7F and 8F (R. 29), and gave them limited weight,

specifically noting that a nurse practitioner is not an acceptable medical source, among other reasons. *Id.* As another Court in this district has observed:

> Although the Eleventh Circuit has made clear that the ALJ has a duty to "state with particularity the weight given to different medical opinions and the reasons therefor," *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011), Plaintiff has cited no case and the Court has found none, indicating that this duty pertains to opinions from a non-acceptable medical source, such as a chiropractor. "In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection," which does not enable the Court to conclude that the ALJ considered Plaintiff's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.2005) (per curiam). Thus, "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision." SSR 06–03p.

*Voronova v. Astrue*, 3:11–CV–709–J–32JBT, 2012 WL 2384414, at *2 (M.D. Fla. May 7, 2012), *adopted by* 3:11–CV–709–J–32JBT, 2012 WL 2384044 (M.D. Fla. June 25, 2012) (where the ALJ's opinion extensively discussed other evidence in record, failure to mention opinion of "other source" was not reversible error, as substantial evidence supported the ALJ's decision to essentially afford no weight to the opinion).

The Court also does not agree that the ALJ rejected the opinions of Ms. Cottengim and Ms. Hayes "simply because they were not medical doctors." The ALJ noted that these providers were "not an acceptable medical source; however, the opinion cannot be disregarded and must be weighed to determined its persuasiveness." (R. 28-29). The ALJ proceeded to do just that, finding that the opinions were inconsistent with the objective medical records that demonstrate the claimant's overall physical condition had stabilized.

Plaintiff next contends that the ALJ "ignored" references in the treating records that the claimant had limitations in standing, walking, sitting, lifting, carrying, ability to maintain a normal pace and to sustain physical activities, due to his fatigue. To the contrary, the ALJ discussed Plaintiff's fatigue and the purported limitations in depth (R. 28-29) and formulated an RFC for a

reduced range of sedentary work that he determined would accommodate the credible limitations. The Court finds that this determination is supported by the substantial evidence cited by the ALJ above.

As the ALJ evaluated the medical opinions and the other source opinions[2] in accordance with appropriate standards and supported the conclusions reached by reference to substantial record evidence, the Court finds no reason to disturb the ALJ's determination.

*Credibility*

Plaintiff's last objection goes to the ALJ's evaluation of Plaintiff's allegations of limitations. A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ found that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC assessment" (R. 28). Relying on this sentence, Plaintiff contends

---

[2]Plaintiff's contention that the RFC may have been formulated by reference to the conclusions of a Single Decision Maker is meritless. While it is true that it is an error for the ALJ to give any weight to the opinion of a Single Decision Maker, there is no evidence that any such opinion was weighed or considered here.

that "the only reason given by the ALJ to reject Mr. Zawatsky's subjective complaints is that it is inconsistent with the ALJ's residual functioning capacity assessment." Immediately following his finding that the claimant's statements were not credible to the extent they are inconsistent with the RFC, the ALJ explains his conclusion, noting that "in particular," Plaintiff's cardiac issues and related symptoms are not as intense and persistent as alleged, and sets forth the evidence for that finding (quoted above) (R. 28-29). The opinion also cites specific evidence for finding that Plaintiff's allegations of mental limitations are not as limiting as alleged (R. 27). The ALJ concluded:

> In sum, when the record is considered in its entirety, the claimant's objective medical records, treatment notes, and personal testimony support the outlined RFC assessment and demonstrate that he can sustain a greater work capacity than he described at her [sic] disability hearing and in reports to the State agency. As such, I conclude that the claimant has not satisfied his burden to prove that he cannot work.

(R. 30).

As these conclusions comply with the legal standard and are amply supported by the cited record evidence, no error is shown.

To be sure, there is conflicting evidence in the record and the Court has no doubt that Plaintiff's health issues present real and significant challenges. To the extent Plaintiff's argument is nothing more than a request for this Court to reweigh the evidence, however, such is not the standard of review. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard for the time period in question is adequately supported by the evidence and was made in accordance

with proper legal standards.  As the Court finds that to be the case, it is **respectfully recommended** that the decision be affirmed.

## Conclusion

For the reasons set forth above, it is **respectfully recommended** that the administrative decision be **AFFIRMED** and the Clerk be directed to enter judgment accordingly and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 6, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy